# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARC BRATTIN,<br><br>    Defendant | 2:13-cr-0161-JAD-CWH<br><br>**Order Granting Motion to Stay Self-Surrender Date Pending Ninth Circuit's Bail Determination**<br>[#93] |

      On May 6, 2015, Defendant Marc Brattin was sentenced to 25 months in prison and ordered to pay almost $700,000 in restitution after he pled guilty to four counts of bank and wire fraud without the benefit of a written plea agreement. Brattin appealed. Doc. 73. On the eve of his self-surrender date, Brattin moved this court for his release on bond pending appeal, and he sought to extend his self-surrender date. Doc. 84. I briefly extended his self-surrender date to August 10, 2015, to give the government an opportunity to brief its response. Doc. 85 (minutes). But at the hearing on that motion on July 22, 2015, I denied the request and reiterated Brattin's obligation to surrender by noon on August 10, 2015. Doc. 91 (minutes).

      This morning, with his self-surrender date just three calendar days away, Brattin filed an emergency motion to stay his self-surrender date. Doc. 93. He represents that he has renewed his motion for bail pending appeal with the Ninth Circuit and that motion remains pending. *Id*. at 4. He notes that Ninth Circuit Rule 9-1.2(e) provides for an automatic stay of the self-surrender date while the motion is pending. He offers the Ninth Circuit's explanation of in *U.S. v. Fuentes* of how the rule operates:

> The intent of this rule is to provide for an automatic stay of an appellant's surrender date if he or she is on bail at the time the motion for bail pending appeal is filed in this court. The appellant in this case filed a motion for a stay pursuant to Ninth Cir. R. 9-1.2(d). The operation of the rule, however, is automatic and provides an appellant, who is still released, whether on bond or on his or her own recognizance, with an automatic stay of surrender upon the filing in

this court of a motion for bail pending appeal.[1] The government opposes Brattin's motion as "unnecessary" because the rule itself provides for an automatic stay. Doc. 94.

Several things trouble me about this motion. First, Brattin has not demonstrated to me that the motion he filed in the circuit court fully complies with Rule 9-1.2 and thus triggers the rule's automatic stay. This matters. In *U.S. v. Cordero*, a Ninth Circuit panel held that a defendant was not entitled to an automatic stay under the rule[2] because she had not submitted a transcript of her district-court bail hearing as Rule 9-1.2 requires.[3] The panel cautioned that the rule's automatic-stay provision "is subject to abuse" by litigants who file incomplete motions just to delay their self-surrender dates.[4] Thus, only a litigant who files a complete, rule-compliant motion is entitled to the benefits of the automatic-stay provision.[5] But this motion to stay says nothing of Brattin's compliance with the rule, and this court has not been provided a copy of his submission. *See* Doc. 93.

Second, if Rule 9-1.2(e) provides for an "automatic" stay, as all parties (and the Ninth Circuit) seem to agree, then no order should be required to effectuate that stay. Yet, in *Fuentes*, the Ninth Circuit panel took the affirmative step of granting the defendant's motion to stay his surrender pending a decision on the motion for bail.[6] That ruling makes it unclear whether a written order is needed to effectuate the automatic stay. Finally, Brattin offers no reason that his motion for a stay of his self-surrender date should be addressed to this court instead of the circuit court tasked to decide his pending motion and enforce Rule 9-1.2.

Nevertheless, because the government agrees that Brattin "will remain on release until the

---

[1] *United States v. Fuentes*, 946 F.2d 621, 622 (9th Cir. 1991).

[2] The case was decided when the automatic-stay provision was in subsection (d) instead of (e).

[3] *United States v. Cordero*, 992 F.2d 985 (9th Cir. 1993).

[4] *Cordero*, 992 F.2d at 986–87.

[5] *Id.* at 987.

[6] *Fuentes*, 946 F.2d at 622.

Ninth Circuit rules on his motion," Doc. 94 at 1–2, and does not question Brattin's entitlement to the benefits of this rule, I grant the motion subject to any further order from the Ninth Circuit.

Accordingly, IT IS HEREBY ORDERED that Defendant's Emergency Motion for Order Requesting Stay of Self-Surrender Date Until Motion for Bail Pending Appeal is Decided **[Doc. 93] is GRANTED. Defendant Marc Brattin's August 10, 2015, self-surrender date is stayed** until the Ninth Circuit rules on his renewed motion for bail pending appeal.

Dated this 7th day of August, 2015.

_____
Jennifer A. Dorsey
United States District Judge