# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| The United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Marc Brattin,<br><br>    Defendant | 2:13-cr-00161-JAD-CWH-1<br><br>**Order Granting in Part and Denying in Part Motion for Judicial Recommendation to the Federal Bureau of Prisons**<br><br>[ECF No. 107] |

Marc Brattin, who is representing himself pro se from the Federal Bureau of Prisons' ("BOP") Metropolitan Detention Center ("MDC") in Los Angeles, California seeks a judicial recommendation to the BOP regarding reentry confinement.[1] The government responds that this court lacks authority to make the requested recommendation under Federal Rule of Criminal Procedure 35 because more than 14 days have passed since Brattin's sentence was imposed.[2] I grant in part and deny in part Brattin's motion and recommend that the BOP place Brattin in a residential reentry center ("RCC") for the last nine months of his sentence.

**Background**

On February 2, 2015, Brattin pleaded guilty to two counts of bank fraud and two counts of wire fraud without the benefit of a written plea agreement.[3] On May 6, 2015, I sentenced Brattin to 25 months per count to run concurrently,[4] and I recommended to the BOP that Brattin be designated to serve his sentence at "the Camp at FCI Victorville, California."[5] In his motion, Brattin represents that the BOP instead designated him to the MDC, where he self-surrendered on September 14, 2015,

---

[1] ECF No. 107.

[2] ECF No. 108.

[3] ECF No. 54.

[4] ECF No. 68.

[5] ECF No. 71.

and currently resides.[6]  Brattin's projected release date is July 3, 2017.

      Brattin represents that he has maintained "clear conduct" while in the custody of the BOP.[7] He states that he is a an "orderly with a gate pass" at MDC, which means that "he has been deemed as the lowest security risk possible and is permitted to go outside the MDC each day to conduct his duties."[8]  He also recently volunteered in assisting BOP staff to prepare for an upcoming inspection by "painting, remodeling, addressing safety/code issues, and by the disposal of trash and materials."[9] Because the MDC is not a minimum-security camp (for which Brattin purportedly qualifies) he is subject to "a more strenuous environment that does not offer the same level of programming and rehabilitative services of a camp."[10]

      Brattin states that he expects to be transferred to a residential reentry center ("RRC") on February 18, 2017 (4.5 months before his release date) based on the recommendation of his "unit team."[11]  He seeks a recommendation from this court that he receive an additional 4.5 months of reentry placement for a total reentry term of 9 months,[12] and states that his prison counselor has indicated that the institution would consider a recommendation by the sentencing court for earlier entry into an RRC.[13]  Brattin requests a recommendation that he receive a total of 9 months pre-release treatment, including 6.5 months in an RRC and 2.5 months of home confinement.[14]  In its

---

[6] Brattin indicates that he served approximately six months of his sentence at the Nevada Southern Detention Center in Pahrump after the government indicted him in another case.  That case was ultimately dismissed, and Brattin was transferred back to the MDC.

[7] ECF No. 107 at 2.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at 3.

[12] *Id.*

[13] *Id.*

[14] *Id.* at 3–4.

two-page opposition, the government argues that I lack jurisdiction to amend Brattin's judgment under Federal Rule of Criminal Procedure 35 because more than 14 days have passed since Brattin's sentence was imposed.[15]  The government does not address my authority to make the requested recommendation without amending the judgment.

**Discussion**

**A.      18 U.S.C. § 3621(b)**

Title 18 Section 3621(b) of the United States Code provides that the BOP has discretion to place an inmate into "any available penal or correctional facility," including an RRC placement,[16] and to "direct the transfer of an inmate from one penal correctional facility to another" "at any time."[17]  In determining which facility to place the inmate in, the BOP must consider:

> (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(A)(2) or title 28.[18]

Section 3624(c), on the other hand, deals exclusively with the placement of a prisoner during the final portion of his sentence.  It provides:

> The Director of the [BOP] [must], to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust and to prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.[19]

---

[15] *See* ECF No. 108.

[16] *Rodriguez v. Smith*, 541 F.3d 1180, 1187 (9th Cir. 2008).

[17] 18 U.S.C. § 3621(b).

[18] *Id.*

[19] 18 U.S.C. § 3624(c)(1).

Page 3 of 5

In administering § 3624(c), courts consider the statutory factors outlined in 18 U.S.C. § 3621(b).[20]

### B. Brattin's request is granted in part and denied in part.

Under Federal Rule of Criminal Procedure 35, a court may, within 14 days after sentencing, "correct a sentence that resulted from arithmetical, technical, or other clear error." And Rule 36 allows a court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission" at any time. The government is correct that the 14-day window for correcting Brattin's sentence under Rule 35 has long since passed, and I do not find that Rule 36 is a proper basis for amending the judgment. Both of these rules allow for correction of technical or clerical errors only and do not contemplate substantive changes in the court's judgment.

Nonetheless, I may recommend placement in an RRC without correcting the judgment.[21] I find that such a recommendation—separate and apart from the judgment—is appropriate in this case. I find that Brattin has demonstrated that placement in an RRC for the final nine months of his sentence, if practicable, would ease his successful transition back into society. And given his prison disciplinary record, Brattin appears to be an appropriate candidate for early RRC placement. I do not recommend, however, that Brattin serve the last 2.5 months of his sentence in home confinement as he requests.[22] I therefore grant in part and deny in part Brattin's motion, and **I recommend that the BOP place Brattin in a in a BOP-authorized RRC for the last nine months of his sentence.**

---

[20] *Rodriguez*, 541 F.3d at 1184–85.

[21] *See e.g. United States v. Palacios*, 2007 WL 2410389, *3 (S.D. Cal. July 14, 2007) (declining to amend judgment under Federal Rule of Criminal Procedure 36 and instead issuing order recommending placement in an RRC for final six months of incarceration). I recognize, however, that though the BOP must consider my recommendation, it has no obligation to follow or adopt it.

[22] Though I do not expressly recommend that Brattin serve any portion of his sentence in home confinement, I express no opinion about whether home confinement would be appropriate.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Brattin's motion for judicial recommendation to the Federal Bureau of Prisons [ECF No. 107] is GRANTED in part and DENIED in part:** the court RECOMMENDS that the Bureau of Prisons place Brattin in a residential reentry center for the last nine months of his sentence.

Dated August 23, 2016

_____
Jennifer A. Dorsey
United States District Judge